[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was first brought by the plaintiff, The Stereo Shop, Inc., against the defendant Ivan Ivanoff in the small CT Page 1774 claims court for geographical area 14 for the collection of a bill of $508.80. Said bill was for the installation of some equipment at defendant's home on December 12, 1995. The action was filed in court on June 3, 1996. The defendant filed a motion for transfer to this court on July 18, 1996 which was granted on August 7, 1996 pursuant to § 572 of the Practice Book. On September 13, 1997 the plaintiff filed an amended complaint.
The complaint identified the plaintiff as a corporation existing under the laws of the state of Connecticut with a principal place of business in Hartford, Connecticut. The plaintiff alleged that on or about December, 1995 in conjunction with the installation of various entertainment equipment installed by the plaintiff at the residence of the defendant the plaintiff installed further equipment at the defendant's request; that the value of said equipment and services provided by the plaintiff was $508.80 and after repeated demands the defendant has refused and neglected to pay the balance due. Plaintiff seeks damages, costs and attorney's fees pursuant to Connecticut General Statute § 52-251a.
On October 6, 1997 the defendant filed an answer to the plaintiff's amended complaint in which he leaves the plaintiff to its proof as to all allegations except that he denies that the sum of money claimed by the plaintiff is due. The defendant filed an amended counterclaim on October 1, 1997 in five counts. The first count contains seven-teen paragraphs in which the defendant describes in considerable detail the history of his purchase and the installation of a "sophisticated stereo entertainment system and a satellite dish fed television entertainment system" to be installed in a home which he was constructing in Salisbury, Connecticut. He described his consultation with the stereo shop and his belief that it could provide and install the component parts and thereafter provide service for both the stereo entertainment system and the satellite fed television entertainment system which he contemplated installing in his home.
He next alleges that the salesman with whom he discussed these matters was aware of the design specifications and confirmed to him that the shop could provide the component parts, perform the installation and provide service such that each system would properly operate in accordance with its respective specifications once installed. He describes the purchase of the system in various stages because his house was being constructed CT Page 1775 commencing in September of 1994 and continuing in November 1994 and in August of 1995 and its concluding approximately September of 1995.
In paragraphs 7 and 8 he describes in considerable detail each systems; in paragraph 7, the stereo entertainment system and in paragraph 8, the television entertainment system.
In paragraphs 9 through 11 the defendant alleges various problems that he has had with the stereo entertainment system. He alleges that he called the shop a number of times to complain about the conditions and to request they be rectified, but the shop sent a representative to the home not less than ten times to attempt to effect repairs to the system and that it was never able to put the stereo entertainment system into proper working order.
In paragraph 12 the defendant alleges certain problems with the television entertainment system. He alleges that commencing on or about September of 1995 and continuing through May of 1996 he notified the shop of these problems and requested that they effect repairs; that a representative of the shop came to his home not less than five times to attempt to effect the repairs and that despite such efforts repairs of a permanent nature were never effectuated and the stereo shop was never able to put the television entertainment system in proper working order.
In paragraph 15 he alleges that on May 30, 1996 he wrote the shop and indicated that if repairs to both the stereo entertainment system and the television system were not immediately made, he would rescind the purchase agreement and demand return of monies paid for both systems. He then alleges that the shop did not send additional technicians to his home and has not since the date of that letter attempted to effect any further repairs to either system and that as a result thereof he has been damaged to his loss and detriment.
In the second count the defendant repeats the allegations of paragraphs 1 through 16.
In paragraph 17 the defendant alleges that he attempted to obtain independent technicians to effect the needed repairs, that he was unsuccessful in doing so with reference to the stereo entertainment system which he alleges has never properly worked; that he did retain a technician to perform some repairs to the CT Page 1776 television entertainment system, but that portion of this system which was to service a television set previously owned by him still has not been placed in working order. He alleges that he expended funds in effecting these repairs and that the stereo shop has neglected and failed to discharge its obligation to properly install and service the stereo entertainment system and the television entertainment system and that as a result he has been damaged to his loss and detriment.
In the third count the defendant repeats paragraphs 1 through 15 of the first count.
Paragraph 17 alleges a breach of the shop's implied warranty of merchantability relative to the stereo entertainment system and the television entertainment system and that he has been damaged.
In the fourth count the defendant repeats the allegations of paragraphs 1 through 16 of the first count.
In paragraph 17 he alleges that although the shop had actual knowledge of his specific purpose in purchasing the two systems, they have remained inoperable and have failed to operate in a fashion consistent with the specific purpose for which each was bought and that as a result he has been damaged to his loss and detriment.
In count five the defendant again repeats paragraphs 1 through 15 of the first count and alleges that the shop in failing to properly install and render operable both systems has breached the express warranty in favor of Ivanoff relative to the duty of the shop to properly install and render operable each entertainment system and as a result he has been damaged to his loss and detriment.
In the sixth count the defendant alleges that in 1995 he delivered to the shop an antique radio which was in proper working order for the purpose of installing two new speakers; that although eighteen months has passed since it was delivered, the shop has not returned the radio nor installed new speakers as requested or otherwise accounted for its continued possession of the radio. He alleges that the value of the radio is $3,000 and that he has lost possession and control of the radio entrusted to the shop all to his loss and detriment. CT Page 1777
In the first count the defendant seeks recission of the agreement by which he purchased the stereo and television entertainment systems and return of all funds paid pursuant to the agreement, incidental damages, consequential damages and such other relief as in law and equity may appertain.
In the second through the fifth counts the defendant claims monetary damages, incidental damages, consequential damages and such other relief as in law and equity may appertain.
In the sixth count the defendant claims monetary damages, treble damages pursuant to Connecticut General Statutes § 52-564
for the theft of the antique radio owned by Ivanoff and an order that the stereo shop immediately deliver possession of such antique radio to Ivanoff and such other and further relief as in law and equity may appertain.
The court finds that in December of 1955 the plaintiff installed an additional component (a zone card) to the defendants stereo system at the defendants request and duly invoiced the defendant for the sum of $508.80 for said zone card and services and the same has been unpaid. Accordingly, judgment may enter for the plaintiff in the amount of $508.80.
With respect to counts 1 through 5 of the defendant's counterclaim, the court finds that the defendant has produced insufficient evidence to substantiate any of the five claims made in these counts by a fair preponderance of the evidence. The court finds that the defendant purchased a very expensive stereo, video and satellite system for a total of $33,549.43 consisting of $19,000 in stereo equipment and $14,549.43 for the t.v. and satellite equipment. The t.v. installation was completed in September of 1995, the stereo installation in December of 1995. The defendant was aware that this system was very sophisticated and complex. The entire system was tested by the installer after the installation of each component part. The defendant made repeated complaints to the plaintiff about the stereo system but the plaintiff's service personnel returned on at least five occasions and repaired whatever was complained about and the component part he installed in December of 1995 for which he was charged $508.80 was installed and at defendant's request. No testimony was offered as to the cause of the alleged problems and no evidence was offered as to any defects in any of the systems. The complex nature of the same left open the question as to whether there was user error and/or error in the electrical CT Page 1778 system into which the components were attached having in mind that the system was installed piecemeal while the house was being constructed. The defendant has also failed to prove any defect in the satellite system. Although the defendant was dissatisfied with the operation of his entertainment system he made no attempt to rescind his agreement until after plaintiff threatened suit.
With respect to the sixth court of the defendant's counterclaim, the court finds that the plaintiff was unable to provide the additional speakers and so notified the defendant and that the defendant failed to pick up the radio. The radio is available for him to pick up.
Judgment may enter for the plaintiff on each count of defendants counterclaim. Plaintiff's counsel should make arrangements with defendant's counsel to have the radio picked up at a convenient time.
The plaintiff has invoked the provisions of Section 52-251a
of the Connecticut General Statutes which provides that the court may allow the plaintiff his costs together with reasonable attorney's fees. Plaintiff's counsel has submitted two affidavits of attorney's fees totaling $5,347.50. The amount of this bill has not been attacked by the defendant and considering the amount of work that plaintiffs counsel was forced to perform, the court finds the amount to be reasonable.
Judgment may enter for the plaintiff for the $508.80 plus attorney's fees in the amount of $5,347.50 and costs. Judgment may enter for the plaintiff as to each count of the defendant's counterclaim.
Robert J. Hale State Judge Referee